IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

**STATE OF TENNESSEE v. WILLIAM LAMONT GREEN**

**Appeal from the Criminal Court for Davidson County**
**No. 2007-B-1404      Cheryl Blackburn, Judge**

_____

**No. M2017-00734-CCA-R3-CD**

_____

The Appellant, William Lamont Green, is appealing the trial court's denial of his motion to correct an illegal sentence. The State has filed a motion asking this Court to affirm pursuant to Court of Criminal Appeals Rule 20. Said motion is hereby granted.

**Tenn. R. App. P. 3 Appeal as of Right; Order of the Trial Court Affirmed Pursuant to Court of Criminal Appeals Rule 20**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which ROBERT L. HOLLOWAY, JR., J. and TIMOTHY L. EASTER, J. joined.

William Lamont Green, _pro se_.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Senior Counsel, for the Appellee, State of Tennessee.

**MEMORANDUM OPINION**

In 2010, the Appellant was convicted of second degree murder and he received a twenty-three-year sentence. His conviction was affirmed on appeal. _State v. William Lamont Green_, No. M2010-01631-CCA-R3-CD, 2011 WL 2893088 (Tenn. Crim. App. July 20, 2011), _perm. to app. denied_ (Tenn. Nov. 15, 2011). The Appellant was unsuccessful in his subsequent pursuit of post-conviction relief. _William Lamont Green v. State_, No. M2013-02840-CCA-R3-PC, 2014 WL 5502359 (Tenn. Crim. App. Oct. 31, 2014), _perm to app. denied_ (Tenn. Feb. 13, 2015). In June 2016, the Appellant filed a motion to correct an alleged illegal sentence. _See_ Tenn. R. Crim. P. 36.1. The trial court summarily denied the motion. The Appellant appealed. Following the filing of the record on appeal and the Appellant's brief, the State filed a motion to affirm the ruling of

the trial court pursuant to Rule 20.  For the reasons stated below, said motion is hereby granted.

In the motion he filed in the trial court, the Appellant argued his sentence is illegal because the trial court misapplied an enhancement factor and failed to consider certain mitigating factors.  Rule 36.1 permits a defendant to seek correction of an unexpired illegal sentence at any time.  *See State v. Brown*, 479 S.W.3d 200, 211 (Tenn. 2015).  "[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute."  Tenn. R. Crim. P. 36.1(a).  Our supreme court recently interpreted the meaning of "illegal sentence" as defined in Rule 36.1 and concluded that the definition "is coextensive, and not broader than, the definition of the term in the habeas corpus context."  *State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015).  The court then reviewed the three categories of sentencing errors:  clerical errors (those arising from a clerical mistake in the judgment sheet), appealable errors (those for which the Sentencing Act specifically provides a right of direct appeal) and fatal errors (those so profound as to render a sentence illegal and void).  *Id.*  Commenting on appealable errors, the court stated that those "generally involve attacks on the correctness of the methodology by which a trial court imposed sentence."  *Id.*  In contrast, fatal errors include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses."  *Id.*  The court held that only fatal errors render sentences illegal.  *Id.*  A trial court may summarily dismiss a Rule 36.1 motion if it does not state a colorable claim for relief.  Tenn. R. Crim. P. 36.1(b)(2).

The trial court did not err in summarily dismissing the Appellant's motion.  The Appellant's complaints regarding the trial court's application of enhancement and mitigating factors fall squarely in the category of appealable errors and they should have been raised on direct appeal.  *See, e.g., State v. Charles Macklin*, No. W2016-01711-CCA-R3-CD, 2017 WL 1380014 (Tenn. Crim. App. Apr. 13, 2017), *perm. to app. denied* (Tenn. June 8, 2017) (citing *Wooden*).

The Appellant also raises for the first time in his brief on appeal a claim of ineffective assistance of counsel.  Despite the fact that issues raised for the first time on appeal are considered waived, see *State v. Johnson*, 970 S.W.2d 500, 508 (Tenn. Crim. App. 1996), Rule 36.1 is not the vehicle for presenting a claim of ineffective assistance of counsel and, regardless, the Appellant has otherwise already had his bite at the apple on this claim in his previous post-conviction challenge.

The ruling of the trial court is hereby affirmed pursuant to Court of Criminal Appeals Rule 20.

_____
ROBERT W. WEDEMEYER, JUDGE